IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL PENSION FUND, CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL WELFARE FUND, CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL RETIREE HEALTH AND WELFARE FUND, and CATHERINE WENSKUS, not individually but as Administrator of the Funds, | |
| Plaintiffs, | Case No. 20 C 2452 |
| v. | |
| ACCU FLOW FLOORS, INC.., an Illinois corporation, | |
| Defendant. | |

**COMPLAINT**

Plaintiffs, Chicago & Vicinity Laborers' District Council Pension Fund, Chicago & Vicinity Laborers' District Council Health & Welfare Fund, Chicago & Vicinity Laborers' District Council Retiree Health & Welfare Fund, and Catherine Wenskus, not individually but as Administrator of the Funds, (collectively the "Funds"), by their attorneys Patrick T. Wallace, Amy Carollo, G. Ryan Liska, Katherine C.V. Mosenson and Sara S. Schumann, and for their Complaint against Accu Flow Floors, Inc., state:

**COUNT I**

**(Failure To Pay Benefit Contributions Revealed as Delinquent Pursuant to an Audit)**

1. Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and

1

(2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.C. §1331, and federal common law.

2. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3. The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA. 29 U.S.C. §1002(3) and 37(A). They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA. 29 U.S.C. § 186(c)(5). The Funds have offices and conduct business within this District.

4. Plaintiff Catherine Wenskus ("Wenskus") is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union"). With respect to such matters, Wenskus is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5. Defendant Accu Flow Floors, Inc., (hereinafter "Company"), does business within this District and was at all times relevant herein an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

6. The Union is a labor organization within the meaning of 29 U.S.C. §185(a). The Union and the Company have been parties to successive collective bargaining agreements, the

most recent of which became effective June 1, 2017 ("Agreement"). (A copy of the Company's Assignment of Collective Bargaining Rights executed by the Company which adopts and incorporates a Master Agreement between the Union and various employer associations, and also binds the Company to the Funds' respective Agreements and Declarations of Trust, is attached hereto as Exhibit A.)

7. The Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Midwest Construction Industry Advancement Fund (the "MCIAF"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LCDMC"), the CARCO Industry Advancement Fund ("CARCO"), the Underground Contractors Association ("UCA"), and the Chicago Area Independent Construction Association ("CAICA") to act as an agent in the collection of contributions due to those funds.

8. The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Company to make contributions on behalf of its employees covered by the Agreement, and to submit monthly remittance reports in which the Company, *inter alia*, identifies the employees covered under the Agreements and the amount of contributions to be remitted to the Funds on behalf of each covered employee. Pursuant to the terms of the Agreement, and the Funds' respective Agreements and Declarations of Trust, contributions

which are not submitted in a timely fashion are assessed 20 percent liquidated damages plus interest.

9. The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

10. The Agreement requires the Company to obtain and maintain a surety bond to guaranty the payment of future wages, pension and welfare benefits.

11. An audit of Company's books and records for the time period of September 1, 2017 through September 30, 2019 revealed that Company performed covered work during the audit period, but that notwithstanding the obligations imposed by the Agreement, and the Funds' respective Agreements and Declarations of Trust, Company has:

(a) failed to report and pay contributions in the amount of $106.72 owed to Plaintiff Pension Fund for the audit period of September 1, 2017 through September 30, 2019, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b) failed to report and pay contributions in the amount of $86.28 owed to Plaintiff Laborers' Welfare Fund for the period of September 1, 2017 through September 30, 2019, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c) failed to report and pay contributions in the amount of $40.25 owed to Plaintiff Retiree Health and Welfare Fund for the period of September 1, 2017 through

       September 30, 2019, thereby depriving the Retiree Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(d)     failed to report and pay contributions in the amount of $6.01 owed to Laborers' Training Fund for the period of September 1, 2017 through September 30, 2019, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries;

(e)     failed to report and pay contributions in the amount of $178.52 owed to Laborers' District Council Labor Management Committee Cooperative ("LDCLMCC") for the audit period of September 1, 2017 through September 30, 2019, thereby depriving the LDCLMCC of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries;

(f)     failed to report and pay contributions in the amount of $84.00 owed to Chicago Area Independent Construction Association ("CAICA") for the audit period of September 1, 2017 through September 30, 2019, thereby depriving the LDCLMCC of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries; and

(g)     failed to report and pay contributions in the amount of $73.52 owed to Laborers' Employers' Cooperation and Education Trust ("LECET") for the audit of September 1, 2017 through September 30, 2019, thereby depriving the LECET of

contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries.

A true and accurate copy of the audit and audit summary sheet are attached hereto as Exhibits B and C respectively.

12. Under the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, Company owes liquidated damages plus interest on all unpaid contributions revealed by the audit for the period of September 1, 2017 through September 30, 2019.

13. The Company also failed to timely pay its reports for the months of August, September, and December 2018, January March, April, July through October 2019 and owes $4,842.88 in accumulated liquidated damages for those late paid reports.

14. Under the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, Company is liable for the costs of any audit which reveals unpaid contributions. Accordingly, Company owed the Funds $1,614.37 in audit costs for the audit for the period of September 1, 2017 through September 30, 2019. See Exhibit C.

15. Company's actions in failing to submit payment upon the audit to which it submitted its books and records violate Section 515 of ERISA, 29 U.S.C. §1145.

16. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, the terms of the Agreement and the Funds' respective Trust Agreements, Company is liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid contributions, accumulated liquidated damages, audit costs, and reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Accu Flow Floors, Inc.:

    a.    entering judgment in sum certain in favor of the Funds and against Company on the amounts due and owing pursuant to the audit for the period of September 1, 2017 through September 30, 2019, including contributions, interest, liquidated damages, accumulated liquidated damages, audit costs, and Plaintiffs' reasonable attorneys' fees and costs; and

    b.    awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT II

**(Failure to Pay Union Dues Revealed as Delinquent Pursuant to an Audit)**

17.    Plaintiffs reallege paragraphs 1 through 16 of Count I as though fully set forth herein.

18.    Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which have been or should have been deducted from the wages of covered employees.

19.    Notwithstanding the obligations imposed by the Agreement, Company performed covered work during the audit period of September 1, 2017 through September 30, 2019, and Company failed to withhold and/or submit payment of $1,897.30 in union dues that were or should have been withheld from the wages of employees for the period of September 1, 2017 through September 30, 2019, thereby depriving the Union of information and income. *See* Exhibits B and C.

20. Pursuant to the Agreement, Company owes liquidated damages on all late or unpaid dues as revealed by the audit for the period of September 1, 2017 through September 30, 2019, plus audit costs, interest, liquidated damages, and reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Accu Flow Floors, Inc.:

a. entering judgment in sum certain in favor of the Funds and against Company on the amounts due and owing pursuant to the audit for the period of September 1, 2017 through September 30, 2019, including dues, liquidated damages, audit costs, and Plaintiffs' reasonable attorneys' fees and costs; and

b. awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT III

**(Failure to Submit Reports and Pay Employee Benefit Contributions)**

21. Plaintiffs reallege paragraphs 1 through 16 of Count I as though fully set forth herein.

22. Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company has:

(a) failed to submit reports and/or pay all contributions to Plaintiff Pension Fund for January 2020 forward, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

8

(b) failed to submit reports and/or pay all contributions to Plaintiff Welfare Fund for January 2020 forward, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c) failed to submit reports and/or pay all contributions to Retiree Welfare Fund for January 2020 forward, thereby depriving the Retiree Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(d) failed to submit reports and/or pay all contributions to Laborers' Training Fund for January 2020 forward, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries; and

(e) failed to submit reports and/or pay all contributions owed to one or more of the other affiliated funds identified in Paragraph 7 above for January 2020 forward, thereby depriving said fund(s) of contributions, income and information needed to administer said fund(s) and jeopardizing the benefits of the participants and beneficiaries.

23. The Company has also failed to obtain and maintain a surety bond.

24. The Company's actions in failing to submit timely reports and contributions and obtaining and maintaining a surety bond violate Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

25. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, federal common law, and the terms of the Agreement and the Funds' respective Trust Agreements, the Company is liable to the Funds for unpaid

contributions, as well as interest and liquidated damages on the unpaid contributions, accumulated liquidated damages, audit costs, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Accu Flow Floors, Inc. as follows:

a. ordering the Company to submit benefit reports and pay all contributions for January 2020 forward and to submit to an audit upon demand;

b. entering judgment in sum certain against Defendant Company on the amounts due and owing as pled in the Complaint, and pursuant to the amounts revealed as owing pursuant to the January 2020 forward reports, and audit, if any, including contributions, interest, liquidated damages, audit costs, and attorneys' fees and costs; and

d. awarding Plaintiffs any further legal and equitable relief as the Court deems just and appropriate.

## COUNT IV

### (Failure to Submit Reports and Pay Union Dues)

26. Plaintiffs reallege paragraphs 1 through 16 of Count I and Paragraphs 17 and 18 of Count II as though fully set forth herein.

27. Dues reports and contributions are due by the 10th day following the month in which the work was performed. Dues reports and contributions which are not submitted in a timely fashion are assessed liquidated damages.

28. Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust the Company failed to submit Union dues

reports and dues that were or should have been withheld from the wages of its employees performing covered work for the period of October 2019 forward, thereby depriving the Union of income and information necessary to determine dues submission compliance.

29. Pursuant to the Agreement and Federal Common Law, the Company is liable to the Funds for the unpaid Union dues, as well as liquidated damages, accumulated liquidated damages, audit costs, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Accu Flow Floors, Inc. as follows:

a. ordering the Company to submit dues reports and pay all dues for the time period of October 2019 forward;

b. ordering the Company to submit its books and records to an audit upon demand to determine dues contributions compliance;

c. entering judgment in sum certain against the Company on the amounts due and owing pursuant to the October 2019 forward dues reports, and on any amounts found due and owing pursuant to the audit, including dues, interest, liquidated damages, accumulated liquidated damages, and attorneys' fees and costs; and

d. awarding Plaintiffs any further legal and equitable relief as the Court deems just and appropriate.

April 21, 2020                  Laborers' Pension Fund, et al.

By: /s/ Amy Carollo
Amy Carollo

Amy Carollo
Office of Fund Counsel
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312) 692-1540